```
CAS101                      DOCKET BOOK REPORT                              PAGE     1
CASE # 201705020250          COURT: 2ND JUDICIAL DISTRICT                   05/25/2017
CAUSE: INJURY OR DAMAGE WITH MV
STYLE: LESLIE DOUGLASS
       VS STATE FARM MUTUAL AUTOMOBILE
          INSURANCE COMPANY

                              PLAINTIFF

NAME                                              ATTORNEY
DOUGLASS, LESLIE                 P                PENN, JILL C.
                                                  P.O. DRAWER 1309
                                                  JACKSONVILLE, TEXAS 75766
                                                  903-586-2544

        -                       -

                              DEFENDANT

NAME                                              ATTORNEY
STATE FARM MUTUAL AUTOMOBILE     D
INSURANCE COMPANY

                      _____              _____


TRANSACTIONS FOR ALL PARTIES                      /   /     THRU    /   /

05/04/2017   DOUGLASS, LESLIE    CIVIL CASE INFORMATION SHEET/E-FILING FEE/KJC     2.00-   1   1
05/04/2017   DOUGLASS, LESLIE    PLAINTIFF'S ORIGINAL PETITION,REQUEST FOR
05/04/2017   DOUGLASS, LESLIE    DISCLOSURE AND DELARATORY JUDGMENT ACTION/1 ISS/KJ 285.00- 1   7
05/04/2017   DOUGLASS, LESLIE    COPY OF CITATION ISSUED ON STATE FARM
05/05/2017   DOUGLASS, LESLIE    E-MAILED T OATTORNEY FOR SERVICE/KJC                        1   2
05/05/2017   DOUGLASS, LESLIE    PAYMENT OF EFILING FEES/TBW                      287.00
05/19/2017   DOUGLASS, LESLIE    AFFIDAVIT OF SERVICE ON STATE FARM/KJC             2.00-  1   1
05/23/2017   DOUGLASS, LESLIE    PAYMENT OF EFILING FEES/TBW                        2.00
```



EXHIBIT A

Filed 5/4/2017 10:48:38 AM
Janet Gates
District Clerk
Cherokee County, Texas

Kelly Curry

CAUSE NO. **2017-05-0250** _____

| | | |
|---|---|---|
| LESLIE DOUGLASS | § | IN THE **2nd** JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTOMOBILE INSURANCE COMPANY | § | CHEROKEE COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES AND DECLARATORY JUDGMENT ACTION

TO THE HONORABLE JUDGE OF SAID COURT:

Come Now the Plaintiff, LESLIE DOUGLASS, complaining of Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, referred to herein as "STATE FARM", and in support thereof, would show unto this Honorable Court as follows:

### I.

### DESIGNATION OF DISCOVERY LEVEL AND RULE 47

The amount well in controversy in this case is well in excess of the minimum jurisdictional requirements of this Honorable Court. Plaintiff intends that discovery in this case is to be conducted under Level 2, as described by Texas Rule of Civil Procedure 190. She makes the statement regarding what she is seeking in this paragraph only because she is required to do so by the Texas Supreme Court, and Texas Rules of Civil Procedure Rule 47 to provide information regarding the nature of cases filed, for statistical purposes. She does not make such a statement in this paragraph to affect her substantive rights to recover any dollar amounts which the jury believe to be appropriate for her claims, whether in the range described in this paragraph, or above or below that range. Therefore, it is her intent that the jury consider evidence at trial and come to its own determination and not base the jury's determination on the assertions made in this paragraph. Therefore, pursuant to the Texas Supreme Court's requirement and so that Defendant's insurance company can properly set its reserves, Plaintiff

seeks monetary relief of more than $200,000 but not more than $1,000,000. She makes this statement on this date before conducting any discovery in this case and therefore before learning whatever she will learn through discovery.

## II.

## JURISDICTION & VENUE

Venue is proper in this Court pursuant to Section 1952.110 of the Texas Insurance Code because the Plaintiff was a resident of Cherokee County, Texas at the time of the accident involving the uninsured or underinsured motor vehicle. Plaintiff purchased the policy of automobile insurance issued by STATE FARM in Rusk, Cherokee County, Texas. Plaintiff paid the premiums for the policy of automobile insurance issued by STATE FARM in Rusk, Cherokee County, Texas. The application to pay the claim was made in Cherokee County, Texas and the refusal to pay the limits was received in Cherokee County, Texas. The underlying fact made the basis of this suit occurred in Cherokee County, Texas.

This suit is brought in accordance with the laws of the State of Texas for the recovery of damages which are in excess of the minimal jurisdictional limits of this Court, which Plaintiff is entitled to receive as compensation for the injuries and damages described herein.

## III.

## PARTIES

Plaintiff is a resident of Cherokee County, Texas, having a mailing address of 1280 CR 2406, Rusk, Texas 75785.

The Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is an Insurance Company authorized to conduct business in the State of Texas. Service may be obtained upon this Defendant by delivering a copy of this petition and citation to its Registered

Agent for Service, CORPORATION SERVICE CO., 211 E. 7th St., Ste 620, Austin, Texas 78701-3218.

## IV.

### FACTUAL ALLEGATIONS

On or about June 4, 2016, LESLIE DOUGLASS was a passenger in a motor vehicle described as a 2000 GMC Yukon, VIN 3GKEC16T1YG139070, bearing Texas License Plate No. DRF7439, and was traveling east on Loop 323 in Tyler, Smith County, Texas.

Simultaneous therewith, DANIEL BRUCE GARRETT, the at fault driver was driving and operating a motor vehicle described as a 2006 Lexus GS300, VIN JTHBH96SX65028283, bearing Texas License Plate No. DXB8757, and was traveling west on Loop 323 in Tyler, Smith County, Texas.

At the time of the incident made the basis of this suit, DANIEL BRUCE GARRETT failed to control his speed and crossed all west bound lands of Loop 323 SE side swiping the Plaintiff's vehicle. The collision between the DANIEL BRUCE GARRETT'S vehicle and the Plaintiff's vehicle resulted in the damages and injuries to the Plaintiff as described herein.

Plaintiff has been advised by the at fault driver that there was not a liability policy at the time of this incident.

Plaintiff has complied with all conditions precedent.

## V.

### BREACH OF CONTRACT AND BAD FAITH

This is a suit by Plaintiff to establish her entitlement to recover underinsured motorist benefits from her insurer, STATE FARM. Plaintiff was covered by a policy of that was in full force and effect at the time of the crash that is the subject of this lawsuit. The policy of automobile insurance issued by STATE FARM included uninsured and underinsured motorist

coverage as defined under the policy and/or statute. Plaintiff has fully complied with all the conditions of the insurance policy issued by STATE FARM. Plaintiff would show that the legal damages she has sustained by reason of the crash made the subject of this cause of action, and which were proximately caused by the negligence of DANIEL BRUCE GARRETT, exceed the amount of available and collectible liability insurance coverage which was carried by DANEIL BRUCE GARRETT, which is zero. STATE FARM, by reason of the terms of the insurance contract which it issued to the Plaintiff, and for which she has paid consideration in the form of premiums, owes the Plaintiff underinsured motorist benefits for the amount that is shown by reason of the accident in question.

Plaintiff would show that with respect to her claim against STATE FARM, which is based upon principals of contract and insurance, she is entitled to recover an amount equal to the amount of her legal damages that may be assessed in this suit which have been caused by the negligence of DANIEL BRUCE GARRETT and exceed the available liability limits of DANIEL BRUCE GARRETT under the underinsured motorist provision of the policy issued by STATE FARM.

Plaintiff will also show that she repeatedly requested the Defendant's insurance company to evaluate her claim, which it wholly failed to do. Instead, State Farm made ridiculous settlement offers that involved zero evaluation of her damages and indeed were less than her actual medical bills. Plaintiff's attorney has tried on numerous occasions to speak with Plaintiff's adjuster but has been wholly ignored.

### VI.

### DECLARATORY JUDGMENT ACTION

Pursuant to Tex. Civ. Prac. & Rem. Code § 37.001 et. seq., commonly referred to as the Uniform Declaratory Judgment Act, Plaintiff asks this Court to affirmatively declare the rights,

status and other legal relations between Plaintiff and STATE FARM arising out of Plaintiff's insurance policy providing underinsured motorist benefits. Plaintiff requests that this Court render a declaratory judgment declaring: (i) that DANIEL BRUCE GARRETT's negligence was a proximate cause of the underlying collision of June 4, 2016; (ii) that no negligence on the part of Plaintiff was a proximate cause of the underlying collision of June 4, 2016; (iii) the amount of damages Plaintiff suffered as a result of the collision, including, but not limited to, past and future damages for physical pain and suffering, mental anguish, medical expenses, physical impairment, disfigurement, loss of earning capacity, and prejudgment interest; (iv) that DANIEL BRUCE GARRETT was an underinsured motorist, as that term is defined in Plaintiff's insurance policy providing underinsured motorist benefits; (v) that, as a result of the injuries and damages Plaintiff suffered as a result of the June 4, 2016, collision, Plaintiff is entitled to recover and STATE FARM is obligated to pay Plaintiff underinsured motorist benefits under Plaintiff's insurance policy providing underinsured motorist benefits; and (vi) the amount of underinsured motorist benefits Plaintiff is entitled to recover under Plaintiff's insurance policy providing underinsured motorist benefits.

Plaintiff also seeks an award of all costs and reasonable and necessary attorneys' fees as are equitable and just pursuant to Tex. Civ. Prac. & Rem. Code § 37.009, and any and all further relief to which Plaintiff may show herself justly entitled

V.

## DAMAGES

As a result of the Negligence and the Negligence per se of DANIEL BRUCE GARRETT, and the breach of the terms of the uninsured and underinsured motorist coverage contract with the Defendant, the Plaintiff has been damaged in the following respects:

1) Hospital, doctor, medical, and pharmaceutical bills incurred in the past;

2) Doctor, hospital, medical and pharmaceutical bills that, in all reasonable medical probability, will be incurred by this Plaintiff in the future;

3) Physical pain, suffering, and mental anguish suffered by this Plaintiff in the past;

4) Physical pain, suffering, and mental anguish which, in all reasonable medical probability, this Plaintiff will suffer in the future;

5) Physical impairment suffered in the past;

6) Physical impairment which, in all reasonable medical probability, this Plaintiff will suffer in the future.

7) Diminished earning capacity in the past; and

8) Diminished earning capacity that, in reasonable probability, this Plaintiff will suffer in the future.

## VII.

### REQUEST FOR DISCLOSURES

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Plaintiff requests that each Defendant disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2 (a)-(l).

## VIII.

### INTEREST

The Plaintiff hereby pleads for all pre-judgment interest and post-judgment interest in the maximum amount as allowed by law in a case of this type on each individual element of damage allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that the Defendant, STATE FARM be cited to appear and answer herein, and that upon the trial hereof, the Plaintiff be awarded Judgment against the Defendant, STATE FARM for all damages as set out above in

a sum in excess of the minimum jurisdictional limits of this Court; all Pre-Judgment or Post-Judgment Interest in the maximum amounts allowed by law; for all costs of Court; and such other and further relief to which this Honorable Court should deem the Plaintiff justly entitled to receive, either at law or in equity.

                         Respectfully Submitted,

                         RICHARDS ✣ PENN, L.L.P.
                         ATTORNEYS AT LAW
                         P. O. Drawer 1309
                         516 East Commerce Street
                         Jacksonville, Texas 75766
                         Telephone No. 903-586-2544
                         Telecopy No. 903-586-6529

By: _____
                         R.W. (RICKY) RICHARDS
                         State Bar No. 16854100
                         rwr@richardspenn.com
                         JILL CAMPBELL PENN
                         State Bar No. 24051181
                         jill@richardspenn.com
                         Attorneys for Plaintiff

Filed 5/19/2017 12:02:05 PM
Janet Gates
District Clerk
Cherokee County, Texas

Kelly Curry

CAUSE NO. 2017050250

| | | |
|---|---|---|
| Leslie Douglass § | | IN THE COURT OF |
| § | | |
| Plaintiff, § | | |
| VS. § | | COUNTY, |
| § | | |
| State Farm Mutual Automobile Insurance Company § | | |
| Defendant. § | | CHEROKEE COUNTY 2ND JUDICIAL DISTRICT |

## AFFIDAVIT OF SERVICE

On this day personally appeared Samuel James Weeks who, being by me duly sworn, deposed and said:

"The following came to hand on May 4, 2017, 1:51 pm,

**CITATION WITH PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURES, INTERROGATORIES, ADMISSIONS, PRODUCTION AND DECLARATORY JUDGMENT ACTION,**

and was executed at 211 E. 7th St Ste. 620, Austin, TX 78701 within the county of Travis at 10:30 AM on Fri, May 05 2017, by delivering a true copy to the within named

**STATE FARM MUTUAL AUTOMOBILE INSURANCE THROUGH CORPORATION SERVICE COMPANY BY PERSONAL DELIVERY TO SUSAN A. VERTREES, AUTHORIZED AGENT FOR SERVICE OF PROCESS**

In person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Samuel James Weeks**, my date of birth is 01/30/1987 and my address is P.O. Box 202672, Austin, TX 78720, and United States of America. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, State of Texas on May 19, 2017.

Samuel James Weeks
SCH1454, Certification Expires 8/31/2017